

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -4  PM 1: 27

LORETTA G. WHYTE
CLERK

## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES ORMOND | CIVIL ACTION |
| VERSUS | NO. 05-3238 |
| WARDEN BURL CAIN | SECTION "J"(3) |

### TRANSFER ORDER

Petitioner, JAMES ORMOND, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1999 state court conviction and sentence.  To support his challenge, petitioner asserts the following grounds for relief:

1)        He was sentenced illegally due to ineffective assistance of trial counsel and the trial judge's bias.

A review of this Court's records reflects that petitioner filed his first writ of habeas corpus related to this same conviction and sentence entitled <u>Ormond v. Cain</u>, Civil Action 03-484 "J".  In that petition, petitioner raised the following grounds for relief:

1)        He received ineffective assistance of counsel;

2)        He was illegally allowed to withdraw his plea of guilty made pursuant to a plea bargain;

3)        The trial judge violated his rights by "encouraging defen[s]e"; and

____ Fee_____
____ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
____ Doc. No _____

4)      The trial judge and petitioner's indigent defender violated his rights by denying him a fair and impartial trial.

That petition was dismissed with prejudice on the merits by Judgment entered March 26, 2004.

Petitioner sought a certificate of appealability. The Fifth Circuit Court of Appeals denied his request

on September 8, 2004.

Petitioner filed his second writ of habeas corpus related to this same conviction and sentence

entitled <u>Ormond v. Warden Burl Cain</u>, Civil Action 05-2117 "J"(3). In that petition, petitioner

raised the following grounds for relief:

1)      His enhanced sentence is illegal because it is based in part on an earlier conviction obtained through an invalid guilty plea that was not knowingly, intelligently and voluntarily made.

By order entered June 10, 2005, the petition was transferred to the Fifth Circuit Court of Appeals for

authorization to file a second or successive petition under 28 U.S.C. § 2244.

The petition presently before the Court is considered to be a successive petition as described

by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or

successive claim under that section, the petitioner must establish one of the following exceptions:

1)      the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)      (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that JAMES ORMOND's petition be construed in part as a motion for authorization for the District Court to consider the successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

3